## McNEILL'S ADM'R *vs.* McNEILL.

[DETINUE FOR SLAVES.]

1. *Suspension of statutory bar.*—Under the provisions of the Code, (§ § 2494, ·1675,) the time which elapses between the death of a person and the grant of letters testamentary or of administration on his estate, not exceeding six months, nor less than fifteen days, "is not to be taken as any part of the time limited for the commencement of actions by or against his executor or administrator;" consequently, in detinue by an administrator, a charge to the jury, asserting that, "if the defendant had the slaves in his possession for six years before the commencement of the suit, claiming them as his own, this vested the title in him, and the plaintiff cannot recover," is erroneous.

2. *Same.*—Held, on the authority of *Grice v. Jones,* 1 Stew. 254, that where an action was not barred by the old statute of limitations at the death of an intestate, his administrator may commence suit at any time within twelve months after his death, although the statutory bar would have been complete against the intestate, if he had lived, before the expiration of the year.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. NAT. COOK.

THIS action was·brought by William H. Chambliss, as the administrator of James McNeill, deceased, against Mrs. Ann McNeill, to recover several slaves, together with damages for their detention ; and was commenced on the 16th January, 1858. The plaintiff's intestate was a son of the defendant, and died in August, 1857. The court charged the jury, among other things, "that if the defendant had the negroes in controversy in his possession for six years before the commencement of this suit, claiming them as his own, this vested the title to the negroes in the defendant, and the plaintiff cannot recover." This charge, to which the plaintiff excepted, is now assigned as error, together with other matters which require no special notice.

J. D. F. WILLIAMS, GEO. W. GAYLE, and D. W. BAINE, for the appellant.—Whether the case be governed by the

provisions of the Code, or by the former law, the charge of the court is equally erroneous. The Code (§ 2494) expressly suspends the operation of the statute of limitations during the period, not exceeding six months, which elapses between the death of an intestate and the grant of administration on his estate; and it was held under the old statute, in the case of Grice v. Jones, 1 Stew. 254, that the death of an intestate, before the completion of the statutory bar, suspended the operation of the statute for twelve months, in favor of his administrator.

ALEX. & JNO. WHITE, *contra.*—The provisions of the Code do not apply to the case, because the cause of action accrued before the adoption of the Code.—Session Acts 1853–4, p. 71. The invariable rule is, that when the statute of limitations once begins to run, it never stops.—Branch Bank v. Donelson, 12 Ala. 741; Doe *d.* Campbell v. Sharp, 8 Ala. 256. The case of Grice v. Jones, 1 Stew. 254, is opposed to the whole current of authorites, and is not sustained by a single decision cited in it.

R. W. WALKER, J.—The plaintiff's intestate died in August, 1857. This suit was brought by the plaintiff, as his administrator, in January, 1858. The court charged the jury, that "if the defendant had the negroes in possession for six years before the commencement of this suit, claiming them as her own, this vested the title to the negroes in defendant, and plaintiff cannot recover."

By section 2494 of the Code it is provided, that "the time between the death of a person and the grant of letters testamentary or of administration, not exceeding six months, is not to be taken as any part of the time limited for the commencement of actions by or against his executors or administrators;" and by section 1675 it is provided, "that no letters of administration must be granted, till the expiration of fifteen days after the death of the intestate is known." It is plain, therefore, that in cases to which these sections of the Code apply, there is a period of not less than fifteen days, nor more than six months, succeeding the death of the intestate, during which the operation

of the statute of limitations is suspended. Hence, if this case is governed by the provisions of the Code in reference to the limitation of actions, the court erred in instructing the jury that the possession of the slaves by the defendant, "for six years before the commencement of this suit," would vest the title in her.

[2.] It is said, however, that the cause of action accrued before the Code went into operation, and that under the act of February 15th, 1854, (Acts '53–4, p. 71,) it is governed, not by the provisions of the Code, but by the statutes of limitation in force before the Code went into operation. Concede this to be so, and still the result is the same. In Grice v. Jones, 1st Stew. 254, our predecessors held, that where the action was not barred at the death of the intestate, his administrator may sue at any time within twelve months after his death, although, if the intestate had continued in life, the bar would have been complete before the expiration of the year. If this were a new question, we might consider the decision just cited obnoxious to criticism; but more than thirty years have elapsed since it was made, and its authority has never been questioned. We are the more inclined to abide by the rule established in that case, without inquiring narrowly into the reasons by which it is supported, because it can hereafter be applied only to those cases in which the cause of action accrued before the Code went into operation. The rule has stood undisturbed for more than a quarter of a century, and be have no disposition to overturn it now, when it is about to become extinct under the influence of new legislation upon the subject to which it relates. Applying that rule to the present case, the period which intervened between the death of the intestate and the commencement of this suit by his administrator, constituted no part of the time limited for bringing the action; and consequently, the defendant's possession of the slaves for six years before the commencement of the suit did not serve to vest the title in her.

Judgment reversed, and cause remanded.