# Larue *v.* C. G. Kershaw Contracting Co.

## *Death Action.*

(Decided May 30, 1912. 59 South. 155.)

1. *Death; Action for; Law Governing.*—An administrator's action brought in this state for the death of his intestate caused from injuries received in another state is governed by the lex fori and not the lex loci.

2. *Same; Limitation.*—The statute of limitation goes only to the remedy, and is governed by the lex fori as applied to an action by an administrator in this state for the death of his intestate from injuries received in another state.

3. *Same; New Right of Action; Personal Injury.*—Under the statutes of Tennessee, the cause of action is not the death of the person injured, but the breach of the duty causing the injury, the fact that death results being only an aggravation of the injury.

•4. *Same; Limitation.*—An administrator's action in this state for injuries to his intestate in another state, the statutes of which state preserve the cause of action accruing to the injured person for the benefit of his widow, children, etc., is not governed by section 2486, or 4836, Code 1907, prescribing limitations for actions brought under sections 2485-6, but is governed by section 4840, prescribing limitations of one year.

5. *Limitation of Action; Running; Accrual of Right.*—The statute of limitations begins to run in favor of defendant from the time the cause of action accrues, and the cause accrues as soon as one is entitled to begin and prosecute such an action.

6. *Same; Suspension; Death and Administration.*—Under section 4854, Code 1907, the statute of limitations, even though it has begun to run against decedent is suspended for a period of not less than fifteen days, and until letters are granted within the limits of six months.

7. *Same; Suspension in General.*—It is a general rule that when the statute of limitations has begun to run, it is not suspended by intervening disabilities of the plaintiff or his privies in interest.

8. *Same; Pleading.*—To avoid the effect of the plea of limitations and insist upon a statutory provision suspending the statutes between the death of the intestate and the grant of letters, the plaintiff must reply and show such facts as would bring him within the operation of the provision.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by C. H. Larue as administrator against the C. G. Kershaw Contracting Company, for damages for the death of his intestate. From a judgment overruling demurrers to defendant's plea of the statute of limitations, plaintiff appeals. Affirmed.

HARSH, BEDDOW & FITTS, for appellant. The only question presented is the single one whether the cause of action created by the Tennessee statute is barred by the statute of limitations of Alabama of one year. The only statute which could operate upon the present action is section 2486, and that fixes the period at two years.—*Williams v. A. G. S.*, 158 Ala. 397. The only other statute which could have any application is section 4839, and that creates a special limitation, and does not call for further comment. Certainly subdivision 5 of sec. 4840, can have no application to this action.

KNOX, ACKER, DIXON & SIMS, and PERCY, BENNERS & BURR, for appellee. The law of the forum must govern in determining the applicability of the statute of limitations, as it goes to the remedy.—*Holley v. Coffey*, 123 Ala. 406; *Galliher v. State Mut. L. I. Co.*, 150 Ala. 453; *Jones v. Jones*, 18 Ala. 250. The same rule is applicable to torts.—25 Cyc. 1020; Id. 625; 13 Cyc. 340. The statute governing in this case is the general one year statute found in section 4469, of Tennessee, or subdivision 5, sec. 4840, Code 1907. If plaintiff was entitled to a suspension on account of a statutory provision therefor, he should have set it up by replication.—*Morrison v. Steverson*, 69 Ala. 448; *Williams v. A. G. S.*, 158 Ala. 396. The general rule is that where the statute of limitations has begun to run against a party, it is not suspended against him or his

privities in interest by any intervening disability.—
*Johason v. Wrenn,* 2 Stew. 172; *Lowe v. Jones,* 15 Ala.
545.

SOMERVILLE, J.—The action is one brought by an
administrator against the defendant corporation for in-
juries wrongfully done to plaintiff's intestate in the
state of Tennessee, which injuries are alleged to have
resulted in death.

The suit is prosecuted in Alabama, where the defend-
ant resides, and is based, in both counts, on sections
4025, 4026, and 4029 of the Tennessee Code, which are
as follows:

"Sec. 4025. The right of action which a person who
dies from injuries received from another or whose
death is caused by the wrongful act, omission or kill-
ing by another, would have had against the wrongdoer
in case death had not ensued shall not abate or be ex-
tinguished by his death, but shall pass to his widow,
and in case there is no widow, to his children or to his
personal representative for the benefit of his widow or
next of kin, free from the claims of creditors.

"Sec. 4026. The action may be instituted by the per-
sonal representative of the deceased, but if he decline
it, the widow and children of the deceased may, with-
out the consent of the representative, use his name in
bringing and prosecuting the suit on giving bond and
security for cost, or in the form prescribed for pau-
pers. The personal representative shall not in such
case be responsible for costs, unless he sign his name
to the prosecution bond."

"Sec. 4029. Where a person's death is caused by the
wrongful act, fault or omission of another and suit is
brought for damages, as provided by sections 4025 and
4027 inclusive, the parties suing shall, if entitled to

damages, have the right to recover for the mental and physical suffering, loss of time and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action survives from the death and consequent upon the injuries received."

The only question presented by this appeal relates to the statute of limitations specially pleaded by defendant in bar of the action, viz.: Is the cause of action, as defined by the Tennessee statutes, barred by the Alabama statute of limitations of one year, which reads as follows: "4840. Limitation of one year.— Within one year—(5) Actions for any injury to the person or rights of another, not arising from contract, and not herein specifically enumerated." It is conceded that no other limitational provision is applicable to this action, unless it be the concluding paragraph of section 2486 of the Code (the Homicide Act), which declares that "such action must be brought within two years from and after the death of the testator or intestate"; or section 4839 of the Code, which is as follows: "4839. Limitation of two years.—Action by representative to recover damages for wrongful act, omission or negligence causing death of the decedent, under sections 2486 and 2485." Appellant's contention is that the period of limitation is fixed by these sections, and not by section 4840.

The present action is brought in this state by authority of an act of the Legislature approved November 23, 1907, which provides that causes of action arising in other states against persons or corporations shall be enforceable in the courts of this state as if the cause of action had arisen here, when jurisdiction of the defendant can be legally obtained. Special Acts 1907, p. 67.

[Larue v. C. G. Kershaw Contracting Co.]

It is not denied the lex fori, and not the lex loci, is to govern in this case, as the statute of limitations here goes only to remedy.—*Jones v. Jones,* 18 Ala. 248; *Galliher v. State, etc., Ins. Co.,* 150 Ala. 543, 43 South. 833, 124 Am. St. Rep. 83. These cases involved actions on contracts, but the principle is everywhere applied also to actions in tort.—27 Cyc. 1020, and cases there cited.

It is a rule not questioned that the statute of limitations begins to run in favor of the defendant from the time the plaintiff's cause of action accrues, unless some recognized exception postpones its operation. And a cause of action accrues as soon as the party aggrieved is entitled to begin and prosecute such action. The complaint shows that the injury in this case occurred on May 11, 1910, and the action was begun on July 18, 1911.

We have given due consideration to appellant's contention that this case is governed by the limitation of two years, as prescribed by sections 2486 and 4839 of our Code, and conclude that it is clearly untenable. Those statutes are restricted in their application ex vi terminorum to actions brought under sections 2486 and 2485 of the Code, and the application thus limited cannot be extended to other cases without doing violence to the plain language and purpose of the statutes themselves. The Tennessee statutes above quoted create no new and independent cause of action, but in express terms merely continue a cause of action which accrued to the injured person, so that it does not abate by his death, but survives to his widow, children, or personal representative. The cause , ·tion is not the death of the person injured, but the breach of duty that caused the injury; and, if death results, this is but an aggravation of the injury. This is the view

taken of these statutes by the Supreme Court of Ten-
nessee in *Fowlkes v. N. & D. Rwy. Co.*, 5 Baxt. (Tenn.)
663, and it was there held that a general statute of lim-
itations, providing that actions for personal injuries
should be commenced within one year after the cause
of action accrued, was applicable to an action there-
under; the statute beginning to run from the breach
of duty or the initiation of the injury. That case is
cited with approval in the case of *Williams v. A. G. S.
R. R. Co.*, 158 Ala. 396, 48 South. 485, 17 Ann. Cas.
516, and its reasoning is there applied, with the same
result, to our Employer's Liability Act (sections 3910-
3912, Code 1907). As will be seen by reference to Jus-
tice DENSON'S opinion in the *Williams Case, supra,* the
Tennessee statutes cannot be distinguished in this im-
portant respect from our statutes (sections 3910-3912);
and the further similarity may be noted that under
both sets of statutes the damages recoverable are com-
pensatory, and not punitive as they are under our Hom-
icide Act (section 2486 of the Code). The present ac-
tion is not brought under our Homicide Act, but under
Tennessee statutes strikingly different in language,
purpose, and effect; and we cannot by any rational
process apply to this action statutes of limitation
which by their express terms exclude such an applica-
tion. On the other hand, subdivision 5 of section 4840
was plainly intended to cover all cases of a personal
injury not otherwise expressly provided for. And, this
being as we have seen an action for personal injury,
not brought under section 2486 of the Alabama Code,
and not assimilable to the action for death thereby
created and conferred on the representative, we are
clear in the conclusion that it is governed by the limi-
tation of one year.

Appellant argues, however, that even so it is not a
good plea to this action, by reason of section 4854 of
the Code: "The time between the death of a person
and the grant of letter testamentary or of administra-
tion, not exceeding six months, is not to be taken as
any part of the time limited for the commencement of
actions by or against his executors or administrators."
Under the construction given this statute, it seems that,
even though the statute of limitations had begun to run
against a decedent prior to his death, its oper-
ation is suspended for a period of not less than
15 days, and until letters are granted to the personal
representative within the limit of 6 months—the max-
imum period of suspension.—*McNeill's Adm'r v. Mc-
Neill,* 35 Ala. 30; *Pickett v. Hobdy,* 63 Ala. 609; *Brown
v. Mize,* 119 Ala. 10, 24 South. 453.

The section quoted creates, therefore, in favor of
personal representatives an exception to the general
rule that, when the statute once begins to run, it is not
suspended by intervening disabilities of the plaintiff,
or his privies in interest.

But, so far as the pleadings here show, the adminis-
trator may well have been appointed before June 1,
1910; and, if letters of administration were granted to
him at any time prior to July 18, 1910, his action would
still be barred by the one year limitation. As said in
*Morrison v. Stevenson,* 69 Ala. 448, "a party insisting
on an exception to the bar of the statute of limitations
must point out the exception and bring himself with-
in its saving terms." This is a rule of pleading, and,
in order to avoid the effect of defendant's plea setting
up this limitation, it was necessary for plaintiff to
reply to the plea and show such facts as would, under
section 4854, suspend the operation of the statute for
such a period as would reduce the time to be counted
against him to less than the term of a year.—*Richard-*

*son v. Mertins,* 175 Ala. 309, 57 South. 720; 25 Cyc. 1415, D. 2.

It results that the demurrer to defendant's plea was properly overruled, and the judgment must be affirmed.

Affirmed. All the Justices concur.