(118 So. 173)

**SHARP et al. v. SHANNON.** (6 Div. 82.)

June 28, 1928.

Rehearing Denied Oct. 11, 1928.

Hugo L. Black and Fort & Jones, all of Birmingham, for appellants.

[1] Ante, p. 55.

Percy, Benners & Burr, of Birmingham, for appellee.

GARDNER, J. The appeal is from the decree overruling a demurrer to the bill. Appellee, as administrator of the estate of John J. Shannon, deceased, filed this bill against appellants, alleging an indebtedness on the part of defendant C. J. Sharp to complainant's intestate arising from mutual accounts existing for a number of years. The bill seeks an accounting and, alleging numerous transfers of property by said Sharp to the other defendants at various times in fraud of complainant's intestate as an existing creditor, seeks to have such conveyances and transfers set aside and the property subjected to the payment of the sum decreed to be due on the accounting. The sufficiency of the bill as one for an accounting, and to set aside fraudulent conveyances. does not appear to be seriously questioned on this appeal. Cooke v. Fenner & Beane, 214 Ala. 558, 108 So. 370. So likewise as to that feature seeking discovery in aid of the relief sought. Carns v. Filler, ante, p. 100, 117 So. 672, present term.

The suggestion in brief that the bill is defective in making parties defendants the several alleged fraudulent grantees or transferees upon the ground of misjoinder of parties defendant is without merit. Russell v. Garrett, 75 Ala. 348; 7 Michie Dig. p. 686.

It is insisted, however, that the bill is subject to demurrer upon the ground that it appears upon its face that the account, the subject-matter of the suit, was barred by the statute of limitations of three years when the bill was filed. It appears from the bill's averments that plaintiff's intestate died "in April, 1924." Section 2525, Code of 1907, (applicable at that time), provided that no letters of administration should be granted until the expiration of fifteen days (now changed to five days by section 5747, Code of 1923) after the death of the intestate is known. The mutual accounts began in January, 1919, and continued to April 1, 1924, and the bill was filed April 8, 1927. The exact date of complainant's appointment as administrator does not appear. Section 8968, Code of 1923, is a reproduction of section 4854, Code of 1907, each providing that—

"The time between the death of a person and the grant of letters testamentary or of administration, not exceeding six months, is not to be taken as any part of the time limited for the commencement of actions by or against his executors or administrators."

Speaking of these provisions of the statute, the court in Larue v. Kershaw Contracting Co., 177 Ala. 441, 59 So. 155, said:

"Under the construction given this statute, it seems that, even though the statute of limitations had begun to run against a decedent prior to his death, its operation is suspended for a period of not less than fifteen days, and until letters are granted to the personal representative within the limit of six months—the maximum period of suspension. * * *

"The section quoted creates, therefore, in favor of personal representatives an exception to the general rule that, when the statute once begins to run, it is not suspended by intervening disabilities of the plaintiff, or his privies in interest."

When the bill is considered in the light of the above-cited statute and the foregoing authority, it does not disclose upon its face that the account was barred by the statute of limitations, and the demurrer taking the point was properly overruled.

We find no error in the decree overruling the demurrer to the bill. It will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.