This appeal is brought by Linda Ophelia Hunnicutt, as administratrix of the estate of Doris Louise Burkhalter, from the granting of summary judgment for the City of Tuscaloosa in an action for the wrongful death of Doris Louise Burkhalter.
The defendant city's motion for summary judgment contained the following grounds: 1) The plaintiff failed to file a claim against the city within six months of the accrual of the cause of action as required by Section 476, Title 37, Alabama Code of 1940 (Recompiled 1958) and 2) The plaintiff failed to file a claim against the city stating substantially *Page 348 
the manner in which injury was received and the day and time when the accident occurred as required by Section 504, Title 37, Alabama Code of 1940 (Recompiled 1958).
The trial court granted the defendant city's motion without stating the reason or reasons. Plaintiff alleges error by the trial court in granting the motion on either of these two grounds and alternatively attacks the constitutionality of sections 476 and 504 of Title 37 of the Alabama Code on equal protection grounds.
On June 23, 1974 the decomposed body of Doris Louise Burkhalter was found inside an automobile in the waters of Lake Tuscaloosa by a diver at a point near Watermelon Road Landing within the city limits of the City of Tuscaloosa. The body of Curtis Cleveland Espey was also found in the automobile. The complaint filed by the plaintiff alleged that Doris Burkhalter died while a passenger in a car driven by Curtis Espey and that her death was a result of the negligence of the City of Tuscaloosa in failing to maintain suitable barriers to warn motorists that the end of Old Watermelon Road goes into Lake Tuscaloosa. It was further alleged that the failure to post warning signs amounted to a defect in the public street. The complaint also alleged that the exact date and time when the automobile went into the lake were not known but that Doris Burkhalter and Curtis Espey were last seen alive on October 2, 1973.
The post-mortem examination of the toxicologist who examined the bodies on June 23, 1974 stated that the death of Doris Burkhalter had occurred as the result of drowning. An affidavit made by the same toxicologist stated that death had occurred at some time between six and nine months before the discovery of the bodies and that his examination results would be consistent with an estimation of death having occurred in October 1973.
The complaint named the Administrator of the estate of Curtis Espey as a co-defendant, however, this appeal is limited to the summary judgment granted to the City of Tuscaloosa.
The plaintiff, daughter of Doris Burkhalter, was appointed Administratrix of the Estate of Doris Burkhalter on August 16, 1974. Plaintiff filed a claim with the City of Tuscaloosa on December 9, 1974 and filed the complaint from which this action arose on December 20, 1974. The following is the pertinent text of the claim which was filed with the defendant city:
* * * * * *
 "My name is Linda Ophelia Hunnicutt, Administratrix for the Estate of Doris Louise Burkhalter, Deceased, and a copy of my letters of administration is attached hereto as Exhibit A. The body of my mother, Doris Louise Burkhalter, Deceased, was discovered in the City of Tuscaloosa, Tuscaloosa County, Alabama, to-wit, off the Watermelon Road Landing in southwest Lake Tuscaloosa on or about the afternoon of June 23, 1974. My mother died while a passenger in a vehicle driven by Mr. Curtis Cleveland Espey. Mr. Espey drove said vehicle off the end of Old Watermelon Road at, to-wit, the Watermelon Road Landing on Lake Tuscaloosa, said vehicle going into Lake Tuscaloosa. This vehicle went into Lake Tuscaloosa as a result of the City of Tuscaloosa failing to properly maintain suitable barriers. The exact date and time that this vehicle went into Lake Tuscaloosa is not known but it is believed to be on or before June 23, 1974, said date being the date my mother's body was discovered and was the first evidence I had that my mother had died. See the attached Exhibit B concerning the discovery of my mother's body in Lake Tuscaloosa off the end of Watermelon Road." [Exhibit B was a clipping from the Tuscaloosa News of June 24, 1974 which contained a picture and an account of the recovery of the automobile from the lake.]
* * * * * *
The resolution of this appeal will be bottomed on answering the question of whether the plaintiff sufficiently complied with *Page 349 
the requirements of §§ 476, 504, Title 37, Alabama Code of 1940 (Recompiled 1958) in providing the city with notice of her claim in order to allow her to maintain the suit. These sections provide as follows:
 § 476: "All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim, or shall be barred; claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."
 § 504: "No recovery shall be had against any city or town, on a claim for personal injury received, unless a sworn statement be filed with the clerk, by the party injured, or his personal representative, in case of his death, stating substantially the manner in which the injury was received, and the day and time, and the place where the accident occurred, and the damages claimed." (Emphasis added.)
This court will first address the question of whether the claim filed by the plaintiff complied with the requirements found in section 476, that it be filed "within six months from the accrual thereof." The defendant city argues that the claim accrued on the day of the death of Doris Burkhalter, which according to the toxicologist's affidavit was probably in October 1973 and thus section 476 barred the claim because it was filed some 14 months later, in December 1974. The plaintiff on the other hand contends that the claim did not accrue until there was someone capable of bringing the action, in this case not until she was appointed administratrix of the estate of her mother.
In construing the provisions of sections 476 and 504 of Title 37 this court has stated that they should be considered in pari materia. Howell v. Dothan, 234 Ala. 158, 174 So. 624 (1937).
This action was brought under the Alabama Wrongful Death Act, Title 7, § 123, Alabama Code of 1940 (Recompiled 1958). The only person who may maintain an action under this section is a personal representative. Ivey v. Wiggins, 276 Ala. 106,159 So.2d 618 (1964); Holt v. Stollenwerck, 174 Ala. 213,56 So. 912 (1911). Further, section 504 makes specific mention of the claim being filed by a personal representative in the event of the death of the person against whom a municipality is alleged to have committed a tort. In Alabama, a personal representative cannot be appointed for the estate of a deceased, until at least five days have passed from the time the death is "known." Title 61, § 86, Alabama Code of 1940 (Recompiled 1958). Under the unusual circumstances of this case a personal representative could not have been appointed until after June 28, 1974.
The question of when an action accrues within the meaning of section 476 is one of first impression for this court and in order to address this question this opinion will consider the interpretation given the term "accrue" in cases involving the statute of limitations.
It is a general rule in Alabama that the statute of limitations begins to run from the time the plaintiff's cause of action accrues. It has been determined that the accrual of a cause of action occurs as soon as the party aggrieved is entitled to begin the prosecution of his cause of action.Esslinger v. Spragins, 236 Ala. 508, 183 So. 401 (1938);Provident Life Accident Ins. Co. v. Heidelberg, 228 Ala. 682,154 So. 809 (1934); Larue v. Kershaw Contracting Co., 177 Ala. 441,59 So. 155 (1912).
In Home Ins. Co. v. Stuart-McCorkle, Inc., 291 Ala. 601,285 So.2d 468 (1973), this court stated: "It is clear from our cases that the statute of limitations begins to run when the cause of action accrues, and that the cause accrues as soon as the party in whose favor it arises is entitled to maintain an action thereon." 291 Ala. at 608, 285 So.2d at 473.
Under the facts of this case, the party who was entitled to initiate this action was the personal representative of the deceased, who could not have been appointed prior to June 28, 1974 (5 days after the *Page 350 
date that death became "known"). Therefore, the date that the claim was filed by the personal representative, December 9, 1974, was within six months from the date of accrual of the claim, June 29, 1974.
The second ground presented by the defendant for its motion for summary judgment, as mentioned earlier, was that the claim filed by the plaintiff did not comply with the requirements of section 504 in that it did not state the day and time the accident occurred. This court on several occasions has indicated that the purpose of this section is to provide a city with notice of the accident to allow the city to investigate the claim and perhaps make an adjustment with the claimant before the bringing of a law suit. McCarroll v. Bessemer,289 Ala. 449, 268 So.2d 731 (1972); Anniston v. Rosser, 275 Ala. 659, 158 So.2d 99 (1963); Bessemer v. Barnett, 212 Ala. 202,102 So. 23 (1924). This court has also indicated that technical accuracy is not required by this section and that substantial compliance is all that is necessary. Anniston v. Rosser,275 Ala. 659, 158 So.2d 99 (1963).
Under the facts of the case here, it was not possible for the plaintiff to put the exact time and date of the accident in the claim. The claim provided the city with all the information necessary to achieve the objectives of this statute. Thus this court holds that the second ground argued by defendant in its motion for summary judgment was not sufficiently valid to support the granting of the motion.
In view of our holding in this case we do not think it necessary to consider plaintiff's contentions of the unconstitutionality of sections 476 and 504 of Title 37, supra.
The granting of summary judgment in favor of the City of Tuscaloosa and against the Plaintiff-Administratrix is hereby reversed.
REVERSED AND REMANDED.
BLOODWORTH, FAULKNER, JONES and EMBRY, JJ., concur.