Summary judgment was granted for the defendants in an action for the wrongful death of a minor.
Although the caption read "Andrew J. Guthrie, as the personal representative and administrator of the Estate of Crystal Guthrie, deceased, Plaintiffs," the complaint began alleging that "the plaintiff, Andrew J. Guthrie, is the personal representative of his minor daughter, Crystal F. Guthrie, deceased, who met her demise on or about June 20, 1982."
This complaint was filed March 28, 1983, within the two-year period for bringing wrongful death actions. Andrew Guthrie was not appointed personal representative, however, until more than two years after the death of his minor daughter.
The defendant's motion for summary judgment was granted on the authority of Strickland v. Mobile Towing Wrecking Co.,293 Ala. 348, 303 So.2d 98 (1974), and Downtown Nursing Home,Inc. v. Pool, 375 So.2d 465 (Ala. 1979), cert. denied,445 U.S. 930, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980).
These two cases were commenced by persons purporting to be personal representatives, as required by Code 1975, § 6-5-410, and its earlier counterpart, Code 1940, Tit. 7, § 123. However, those persons were not appointed administrators until after the expiration of the two-year period. This Court held in each case that the suit, as originally filed, was a nullity, as there was, in fact, no person capable of bringing the suit. *Page 378 
We find this case distinguishable because suit was brought under Code 1975, § 6-5-391, which provides that the father, or, in certain cases, the mother, or the personal representative after six months, is the proper party plaintiff in an action for the wrongful death of a minor child.
Andrew Guthrie is and was at all times the proper person to bring suit for the wrongful death of his minor daughter. The fact that he brought suit in the wrong capacity, i.e., purported personal representative, does not render the suit a nullity, because this defect is amendable. The face of the complaint shows that he is the proper person to bring the suit.
The amendment changing the indication of his capacity to that of father of the deceased child should have been allowed, and it would relate back to the time suit was filed.
In this case the father of the deceased minor child was the proper party, with capacity to bring suit, and he had the capacity to do so at the time the suit was filed. In Strickland
and Downtown Nursing Home, Inc., there was no party with capacity to bring suit before the time limitation expired.
The judgment of the circuit court is hereby reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, SHORES and HOUSTON, JJ., concur.