SHORES, Justice.
Denise Swindle (“Swindle”) is the widow and dependent of Edward Louis Swindle, Jr., and is administratrix of his estate. Edward Louis Swindle, Jr., was killed while he was transporting natural gas by tractor-trailer on County Road 59 in Tuscaloosa County, Alabama, during the course of his employment. At his death he left five dependents, his widow and four children. *22 They were paid death benefits by the workmen’s compensation insurance carrier for Swindle’s employer. The widow filed a wrongful death action against Jack B. Kelly, Inc., and others on December 1, 1983, in which she styled herself as administratrix of the estate of the decedent. Two years later, the defendants filed their answer and a motion for summary judgment, claiming that Swindle lacked the capacity to bring suit, because the workmen’s compensation statute (Ala.Code 1975, § 25-5-11) requires that suit be brought by the “dependents.” Swindle attempted to amend the complaint so as to sue as widow and dependent. The trial court disallowed the amendment and granted the defendants a summary judgment, from which Swindle appeals.
The sole issue is whether the wrongful death suit instituted by Swindle as adminis-tratrix of the estate of the decedent is sufficient to toll the statute of limitations so that she can amend to sue as widow ánd dependent. We hold it is, and we reverse the summary judgment, on the authority of Guthrie v. Hartselle Medical Center, Inc., 477 So.2d 377. (Ala.1985).
In Guthrie, a suit for the wrongful death of a minor was filed within the two-year limitations period by the father as personal representative and administrator of the estate. The father, Andrew Guthrie, was not appointed personal representative until more than two years after the death of his minor daughter; the defendant’s motion for summary judgment was granted on the authority of Strickland v. Mobile Towing & Wrecking Co., 293 Ala. 348, 303 So.2d 98 (1974), and Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465 (Ala.1979), cert. denied, 445 U.S. 930, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980). In those two cases, although suit was commenced by persons purporting to be personal representatives, they were not actually appointed administrators until after the expiration of the limitations period. Thus in both of those cases this Court held that the suit, as originally filed, was a nullity, as there was, in fact, no person capable of bringing suit at the time the limitations period ended. 477 So.2d at 377.
This Court, however, distinguished Guthrie from Strickland and Downtown Nursing Home, because suit was brought in Guthrie under § 6-5-391, which provides that the father, or, in certain cases the mother, or the personal representative after six months, is the proper party plaintiff in an action for the wrongful death of a minor child. Therefore, Andrew Guthrie, the father, was at all times the proper person to bring suit for the wrongful death of his minor daughter. The Court said:
“Andrew Guthrie is and was at all times the proper person to bring suit for the wrongful death of his minor daughter. The fact that he brought suit in the wrong capacity, i.e. purported personal representative, does not render the suit a nullity, because this defect is amendable. The face of the complaint shows that he is the proper person to bring suit.
“The amendment changing the indication of his capacity to that of father of the deceased child should have been allowed, and it would relate back to the time suit was filed.
“In this case the father of the deceased minor child was the proper party, with capacity to bring suit, and he had the capacity to do so at the time the suit was filed. In Strickland and Downtown Nursing Home, Inc., there was no party with capacity to bring suit before the time limitation expired.”
Guthrie, 477 So.2d at 378.
The present case is like Guthrie, in that Swindle, the widow and dependent, is and was at all times the proper person to bring suit for the wrongful death of her husband. The fact that she brought suit in the wrong capacity, and that until the complaint was amended the complaint did not show that she was the proper person to bring suit, does not render the suit a nullity, and the defect is amendable. We hold that the amendment changing the indication of her capacity to that of widow and dependent should have been allowed, and it would relate back to the time suit was filed. To hold otherwise would elevate form over substance and would defeat the purpose behind § 25-5-11. No defendant has been *23 misled or prejudiced by the defect, and Kelly waited more than two years to point it out (and until after the case had been set for trial), although repeatedly having been ordered to file an answer. The spirit of A.R.Civ.P. 15 would be offended if this amendment were disallowed.
The judgment of the circuit court is hereby reversed and the cause remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.