On September 1, 1987, Marvin Edward Buck was a passenger in a vehicle driven by Michael Steven Buck. The vehicle overturned on Church Street in Rainsville, Alabama, and Marvin was killed.
On June 14, 1988, Paul Buck, Marvin's father, was granted letters of administration for Marvin's estate. On August 30, 1988, Paul, as administrator of Marvin's estate, filed a wrongful death action against the City of Rainsville (the "City"), Michael Steven Buck, and fictitiously named parties.
The City filed a motion for summary judgment, arguing that Paul had not complied with the time requirement for presenting claims against the City pursuant to Ala. Code 1975, § 11-47-23. The trial court entered a summary judgment for the City and made that judgment final pursuant to Rule 54(b), A.R.Civ.P.
Section 11-47-23 provides:
 "All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."
(Emphasis added.) Paul did not provide notice to the City of his claim within six months of Marvin's death. Section 11-47-23
requires that notice be filed within six months of the accrual of the cause of action. In Diemert v. City of Mobile,474 So.2d 663, 666 (Ala. 1985), the Court held that if an action on a claim against a city is filed within the six-month period prescribed *Page 420 
in § 11-47-23 then "it is sufficient presentation of the claim under the statute." Accordingly, if Paul's cause of action "accrued" at a point within the six months preceding the date on which he filed his action, then he complied with § 11-47-23, and that provision does not bar his action.[1] To determine whether Paul timely presented his claim, we must determine when Paul's cause of action "accrued" for the purposes of §11-47-23.
In Hunnicutt v. City of Tuscaloosa, 337 So.2d 346 (Ala. 1976), the Court addressed that same issue. In that case, Linda Hunnicutt, as administratrix of the estate of Doris Burkhalter, filed a wrongful death action against the City of Tuscaloosa. Doris Burkhalter disappeared on October 2, 1973. On June 23, 1974, her body was found in an automobile in Lake Tuscaloosa. Linda Hunnicutt, Doris's daughter, was appointed administratrix of Doris's estate on August 16, 1974. Hunnicutt filed a claim with the city on December 9, 1974, and also filed a wrongful death action on the same date. Tuscaloosa moved for a summary judgment, alleging that Hunnicutt did not provide notice of a claim against the city within six months of the accrual of the cause of action, as required by § 476, Title 37, Alabama Code of 1940 (Recompiled 1958) (the predecessor of Ala. Code 1975, §11-47-23). The trial court entered a summary judgment for Tuscaloosa, and Hunnicutt appealed.
This Court wrote:
 "The resolution of this appeal will be bottomed on answering the question of whether the plaintiff sufficiently complied with the requirements of [§ 476], Title 37, Alabama Code of 1940 (Recompiled 1958) in providing the city with notice of her claim in order to allow her to maintain the suit. [That section] provide[s] as follows:
 "§ 476: 'All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim, or shall be barred; claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred.'
". . . .
 "This court will first address the question of whether the claim filed by the plaintiff complied with the requirements found in section 476, that it be filed 'within six months from the accrual thereof.' The defendant city argues that the claim accrued on the day of the death of Doris Burkhalter, which according to the toxicologist's affidavit was probably in October 1973 and thus section 476 barred the claim because it was filed some 14 months later, in December 1974. The plaintiff on the other hand contends that the claim did not accrue until there was someone capable of bringing the action, in this case not until she was appointed administratrix of the estate of her mother.
". . . .
 "This action was brought under the Alabama Wrongful Death Act, Title 7, § 123, Alabama Code of 1940 (Recompiled 1958). The only person who may maintain an action under this section is a personal representative. Ivey v. Wiggins, 276 Ala. 106, 159 So.2d 618 (1964); Holt v. Stollenwerck, 174 Ala. 213, 56 So. 912 (1911). . . . In Alabama, a personal representative cannot be appointed for the estate of a deceased, until at least five days have passed from the time the death is 'known.' Title 61, § 86, Alabama Code of 1940 (Recompiled 1958) [§ 43-2-45, Ala. Code 1975]. Under the unusual circumstances of this case a personal representative could not have been appointed until after June 28, 1974.
 "The question of when an action accrues within the meaning of section 476 is one of first impression for this court and in order to address this question this opinion will consider the interpretation given the term 'accrue' in cases involving the statute of limitations. *Page 421 
 "It is a general rule in Alabama that the statute of limitations begins to run from the time the plaintiff's cause of action accrues. It has been determined that the accrual of a cause of action occurs as soon as the party aggrieved is entitled to begin the prosecution of his cause of action. Esslinger v. Spragins, 236 Ala. 508, 183 So. 401 (1938); Provident Life Accident Ins. Co. v. Heidelberg, 228 Ala. 682, 154 So. 809 (1934); Larue v. Kershaw Contracting Co., 177 Ala. 441, 59 So. 155 (1912).
 "In Home Ins. Co. v. Stuart-McCorkle, Inc., 291 Ala. 601, 285 So.2d 468 (1973), this court stated: 'It is clear from our cases that the statute of limitations begins to run when the cause of action accrues, and that the cause accrues as soon as the party in whose favor it arises is entitled to maintain an action thereon.' 291 Ala. at 608, 285 So.2d at 473.
 "Under the facts of this case, the party who was entitled to initiate this action was the personal representative of the deceased, who could not have been appointed prior to June 28 [sic, 29] 1974 (5 days after the date that death became 'known').
Therefore, the date that the claim was filed by the personal representative, December 9, 1974, was within six months from the date of accrual of the claim, June 29, 1974."
337 So.2d at 348-50. (Emphasis added.)
According to Hunnicutt, for the purposes of § 11-47-23, a wrongful death cause of action accrues on the first day following the passage of five days after the discovery of the death of the individual whose death is the basis of the action.[2]
Paul argues that Hunnicutt improperly — and unnecessarily — referred to June 29 as the date of "accrual" of the cause of action; he contends that the cause of action does not accrue for the purposes of § 11-47-23 until the appointment of a personal representative who is the plaintiff in a wrongful death action. Hunnicutt's reference to June 29 as the date of the accrual was unnecessary, because, measuring even from the date the death became known, the action was filed within six months.
Alabama's wrongful death statute, Ala. Code 1975, § 6-5-410, provides that "a personal representative may commence an action [for wrongful death]." A wrongful death action is statutory and did not exist at common law. Brown v. Mounger, 541 So.2d 463
(Ala. 1989); Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465
(Ala. 1979), cert. denied, 445 U.S. 930, 100 S.Ct. 1318,63 L.Ed.2d 763 (1980); Kennedy v. Davis, 171 Ala. 609, 55 So. 104
(1911). Under the statute, the cause of action is vested in the personal representative.[3] Ex parte W.S. Newell, Inc.,569 So.2d 725 (Ala. 1990); Brown, supra, at 463; Downtown Nursing Home, at 466; Hatas v. Partin, 278 Ala. 65, 67-68, 175 So.2d 759,761-62 (1965); Bell v. Riley Bus Lines, 257 Ala. 120, 123,57 So.2d 612, 615 (1952); Holt v. Stollenwerck, 174 Ala. 213,216, 56 So. 912 (1911). "The words 'personal representative' are broader in some respects, but when used in this statute, they mean the executor or administrator of the testator or intestate." Hatas, 278 Ala. at 67, 175 So.2d at 760.
We have addressed on several occasions when a cause of action accrues. Hunnicutt cited Home Insurance Co. v. Stuart-McCorkle,Inc., 291 Ala. 601, 608, 285 So.2d 468, 473, (1973), for this succinct and long-settled definition of when a cause of action accrues: "the cause accrues as soon as the party in whose favor it arises is entitled to maintain an action thereon." (Emphasis added.) Using that definition, Hunnicutt suggested that the wrongful death cause of action accrued on the day following the passage of five days after the discovery of the death of the person whose *Page 422 
death was the basis of the action. That suggestionassumed that Linda Hunnicutt, as personal representative, wasentitled to maintain the wrongful death action on the first day following the passage of five days after the discovery of her mother's death, even though at that time she had not beenappointed personal representative of her mother's estate.
Even if that assumption was legally correct at the time of the holding in Hunnicutt, the assumption is not legally correct now. In a series of cases beginning in 1974, the Court has consistently held that except in certain cases involving the death of a minor (see § 6-5-391), an individual cannot maintain a wrongful death action unless he has been appointed personal representative of the estate of the deceased whose death is the basis of the wrongful death action.
In Strickland v. Mobile Towing Wrecking Co., 293 Ala. 348,303 So.2d 98 (1974), Borden Strickland, purportedly as administrator of the estate of William Woodruff Jackson, filed a wrongful death action pursuant to the provisions of the Jones Act, 46 U.S.C. App. § 688. He filed the action on March 11, 1968; Jackson had been killed on March 12, 1965. Under the provisions of the Jones Act, Strickland had three years in which to file the action. Although Strickland filed the action within three years, he was not appointed administrator of the estate until March 13, 1968, one day after the three years had passed. The Court wrote:
 "In Glenn v. E.I. DuPont De Nemours Co., 254 S.C. 128, 174 S.E.2d 155 (1970), the decedent died of injuries in 1961. His widow was not administratrix in January, 1967, when she filed suit for the wrongful death of her husband, but she was appointed in December, 1967. The court said, in part:
 " 'The right of action for wrongful death is purely statutory and did not exist at common law and may be brought only by the executor or administrator of such deceased person. Lilly v. Railroad Co., 32 S.C. 142, 10 S.E. 932. The provision that a wrongful death action shall be brought only in the name of the administrator or executor of the estate of the deceased means the legally appointed administrator or executor of the estate of the deceased person. In this case, an appointment by the Probate Court was necessary to give the administratrix authority to act, and in the absence thereof, she had no legal capacity to institute this wrongful death action. At the time this action was instituted there was in existence no administratrix and no personal representative of the estate of Carl Glenn.
 " 'A civil action may be maintained only in the name of a person in law, an entity, which the law of the forum may recognize as capable of possessing and asserting a right of action. A suit brought in a name which is not a legal entity is a nullity and the action fails.
" '. . . .
 " 'A complaint brought in the name of a plaintiff which is not a legal entity as [sic] a nullity and there is no foundation upon which to base an amendment.' "
293 Ala. at 352, 353, 303 So.2d at 101, 102. (Emphasis added.) The Court in Strickland then held that "any action purported to have been filed by the administrator prior to March 13, 1968, was a nullity." Strickland, 293 Ala. at 354, 303 So.2d at 103. The Court thus, in effect, held that Strickland could not maintain the wrongful death action until he was appointed as apersonal representative of Jackson's estate.
That holding is stated directly in other cases afterStrickland. In Downtown Nursing Home, supra, Johnnie Parker filed an action on November 23, 1977, against Downtown Nursing Home, Inc., seeking damages for the wrongful death of his father, Eddie Parker, who had died on November 24, 1976. Johnnie Parker had not been appointed as a personal representative of his father's estate. Ben Pool was appointed administrator of Eddie Parker's estate on February 5, 1979, more than two years after Eddie's death. The wrongful *Page 423 
death statute, § 6-5-410, requires that wrongful death actions be filed within two years after the death made the basis of the action. Pool argued that his appointment as administrator would "relate back" to the date of the filing of the original complaint, pursuant to Rule 15(c), A.R.Civ.P.
The Court disagreed and, citing Strickland, held:
 "In the present case, Johnnie Parker filed suit without having been appointed executor or administrator. Since he did not qualify under § 6-5-410 as a personal representative this suit was a nullity. Therefore, the doctrine of relation back, found in Rule 15(c), A.R.Civ.P., does not apply."
375 So.2d at 476. Again, the Court held that the individual seeking to maintain the wrongful death action could not do so until he was appointed as a personal representative.
In Guthrie v. Hartselle Medical Center, Inc., 477 So.2d 377
(Ala. 1985), the Court, discussing Strickland and DowntownNursing Home, stated:
 "These two cases were commenced by persons purporting to be personal representatives, as required by Code 1975, § 6-5-410, and its earlier counterpart, Code 1940, Tit. 7, § 123. However, those persons were not appointed administrators until after the expiration of the two-year period. This Court held in each case that the suit, as originally filed, was a nullity, as there was, in fact, no person capable of bringing the suit."
477 So.2d at 377. (Emphasis added.)
In Brown v. Mounger, 541 So.2d 463 (Ala. 1989), Nathaniel and Clotile Mounger filed an action against Patricia Brown and Wayne Bradshaw, alleging that they had wrongfully caused the death of the plaintiffs' son, Nathan Mounger, who was killed on October 13, 1983, in an automobile accident. The Moungers filed their complaint on October 19, 1984, alleging that they were the administrators of Nathan's estate. Actually, the Moungers did not receive letters of administration for the estate until May 13, 1987. Citing Downtown Nursing Home, Strickland, andGuthrie, and pointing out that the Moungers did not receive their letters of administration within two years of Nathan's death, the Court held that the Moungers could not maintain their action.
To make our final holding, we discuss together several points previously raised. Section 11-47-23 requires that an individual with a wrongful death cause of action against the City present his claim within six months from its accrual. A cause of action "accrues" when the party in whose favor it arises is entitled to maintain an action on it. The party in whose favor a wrongful death cause of action arises is the deceased's personal representative, in whom the cause of action is vested by statute. Hunnicutt suggested that for the purposes of §11-47-23 a wrongful death cause of action accrues on the day following the passage of five days after discovery of the death of the person whose death is the basis of the wrongful death action; that suggestion assumes that the personal representative is entitled to maintain the action at that time. However, according to Strickland, Downtown Nursing Home,Guthrie, and Brown, in those cases in which the action can be brought only by a personal representative, an individual is not entitled to sue until he or she is appointed personal representative. Accordingly, that suggestion in Hunnicutt is incorrect, although it admittedly would achieve the proper result for the particular case in which a personal representative is appointed on the first day following the passage of five days after the discovery of the death of the individual whose death is the basis of the wrongful death cause of action.
Considering our previous discussion, we hold that — in regard to actions that must be brought by a personal representative — for the purposes of § 11-47-23, a wrongful death cause of action accrues at the time the personal representative is appointed. Home Insurance Co., supra;Strickland, supra; Downtown Nursing Home, supra; Guthrie, supra; Brown, supra. To the extent that Hunnicutt suggests otherwise, it is overruled. *Page 424 
To avoid misunderstanding, we note that this ruling in no way affects the remedy restriction provision of § 6-5-410, which requires that a wrongful death action be brought within two years after the death of the testator or intestate. That two-year period is a substantive part of the cause of action and is not to be treated as a statute of limitations; the two-year period is not a limitation against the remedy only, because after two years the remedy expires. Brown, at 464, citing Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 179 So.2d 76 (1965); Parker v. Fies Son, 243 Ala. 348,10 So.2d 13 (1942); Louisville N.R.R. v. Chamblee, 171 Ala. 188,54 So. 681 (1911).
On June 14, 1988, Paul was granted letters of administration for Marvin's estate, and at that time, for the purposes of § 11-47-23, the cause of action for wrongful death accrued. Paul filed his wrongful death action on August 30, 1988, within the six-month period required by § 11-47-23, and under Diemert
the filing of the action constituted sufficient notice for compliance with § 11-47-23. The trial court erred when it held that Paul did not comply with § 11-47-23; accordingly, the judgment is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
[1] The City makes no argument that Paul did not comply with Ala. Code 1975, § 11-47-192, which is to be read in connection with § 11-47-23. See Diemert, at 665.
[2] Hunnicutt's calculation of days is consistent with prior cases, except for its reference to June 28 in the last paragraph quoted above. See, e.g., Peek v. Haardt, 235 Ala. 145,177 So. 634 (1937), and Ex parte Campbell, 229 Ala. 422,157 So. 675 (1934).
[3] In the case of the death of a minor child, § 6-5-391 in some instances gives to the father or mother of the child a preferred right over the personal representative. Hatas v.Partin, 278 Ala. 65, 175 So.2d 759 (1965). The record in this case does not indicate that Marvin was a minor.