WOODALL, Justice.
Edward Crouch appeals from a judgment in favor of Nick Howard in the election contest filed by Howard challenging Crouch’s election as mayor of the Town of Hodges. We vacate the judgment and dismiss this appeal.
On August 26, 2008, a mayoral election was held in the Town of Hodges. Howard challenged Crouch, the incumbent. Crouch received one more vote than Howard did and was declared the winner.
On September 8, 2008, within five days after the result of the election was certified, Howard filed a contest of the election in the Franklin Circuit Court. He did not name Crouch as the defendant-contestee. Instead, he named only the Town of Hodges as a defendant. However, on September 19, Howard filed an amendment to his complaint, purporting to add Crouch as a defendant.
Section ll-46-69(b), Ala.Code 1975, provides that a “contest of [the election of any person declared elected to any office of a town] must be commenced within five days after the result of the election is declared.” Crouch filed a motion to dismiss Howard’s election contest, arguing that as to him the contest had not been timely filed. The trial court denied the motion to dismiss, reasoning that Howard had timely “challenged” the election in the contest filed on September 8, and that, although Crouch was not named as a defendant in the original complaint, which was filed within five days after the result of the election was declared, Howard had complied with § 11— 46-69(b).
After a hearing at which ore terms testimony was taken, the trial court disallowed 2 votes that had been cast for Crouch and 1 vote that had been east for Howard, resulting in 56 lawful votes for each candidate. Thus, pursuant to § ll-46-55(d), Ala.Code 1975, the trial court ordered a second election between Crouch and Howard for the office of mayor. Crouch timely appealed the trial court’s order to this Court.
On appeal, Crouch raises several issues. The threshold issue is whether Howard invoked the subject-matter jurisdiction of the trial court by filing an election contest in which he did not name Crouch as the defendant-contestee. This issue is a question of law involving statutory construction. Thus, our review is de novo. Bishop v. Chilton County, 990 So.2d 287, 289 (Ala.2008).
 “This Court has been unequivocal in stating that elections normally do not fall within the scope of judicial review.” Sears v. Carson, 551 So.2d 1054, 1056 (Ala. *665 1989). “An election contest is a statutory matter, and the statute governing the election must be strictly observed and construed.” Long v. Bryant, 992 So.2d 673, 680 (Ala.2008). “No jurisdiction exists in or shall be exercised by any judge or court to entertain any proceeding for ascertaining the legality, conduct, or results of any election, except so far as authority to do so shall be specially and specifically enumerated and set down by statute .... ” § 17-16-14, Ala.Code 1975. “ ‘Sections of the Code dealing with the same subject matter are in pari materia. As a general rule, such statutes should be construed together to ascertain the meaning and intent of each.’ ” Ex parte Weaver, 871 So.2d 820, 824 (Ala.2008) (quoting Locke v. Wheat, 350 So.2d 451, 453 (Ala.1977)).
Crouch argues that “the [election] statute clearly contemplates that the putative winning candidate is the only proper and logical ‘opponent’ of the losing/challenging candidate” in an election contest. Crouch’s brief, at 12. We agree.
Section ll-46-69(a) provides for a contest of “[t]he election of any person declared elected to any office of a city or town.” (Emphasis added.) The only logical defendant in any such contest is the “person declared elected” to the office at issue. This conclusion is buttressed by other statutes governing the proceedings in a contest of a municipal election.
“[T]he party contesting [an election to an office of a town] must file in the office of the clerk of the circuit court of the county in which the election was held, a statement in writing, verified by affidavit, of the grounds of the contest ... and must give good and sufficient security for the costs of the contest, to be approved by the clerk.” § 17-16-56, Ala.Code 1975. Once these things are done, “the clerk must issue a summons, accompanied by a copy of the statement directed to the party whose election is contested, requiring the party, within five days after the service of the summons, to appear and make answer to the statement.” Id. (emphasis added). This section clearly contemplates that the person whose election is contested is the proper defendant-contestee to appear and answer the election contest. Indeed, it does not contemplate the presence of any other person or entity as a defendant-contestee.
Section 17-16-48, Ala.Code 1975, requires any party to an election contest who complains of the inclusion of illegal votes or the rejection of legal votes to provide certain notice of the nature of the evidence supporting the complaint. Such notice must be “given to the adverse party.” Id. The only party “adverse” to the apparent loser of an election is the person who has been declared elected to the office in question.
 For these reasons, we must conclude that Howard did not invoke the subject-matter jurisdiction of the trial court when he filed a purported election contest in which he did not name Crouch as the defendant-contestee. It is well established that where the trial court has no such jurisdiction it must dismiss the action and that any other action taken by the trial court is void. See, e.g., Ex parte Alabama Dep’t of Human Res., 999 So.2d 891, 898 (Ala.2008). Thus, the trial court’s judgment is void and must be vacated. Further, a void judgment will not support an appeal. Faith Props., LLC v. First Commercial Bank, 988 So.2d 485, 492 (Ala.2008). Therefore, the appeal is dismissed.
JUDGMENT VACATED; APPEAL DISMISSED.
COBB, C.J., and LYONS, PARKER, and SHAW, JJ., concur.