159 So.2d 618

**B. N. IVEY, as Adm'r,**

**v.**

*Jewel WIGGINS, as Adm'x.*

**1 Div. 7.**

Supreme Court of Alabama.

Jan. 2, 1964.

N. S. Hare and John M. Coxwell, Monroeville, John D. Bonham, Montgomery, for appellant.

B. E. Jones and R. L. Jones, Evergreen, for appellee.

Roscoe B. Hogan, Birmingham, and Albrittons & Rankin, Andalusia, amicus curiae.

COLEMAN, Justice.

For prior appeal see Ivey v. Wiggins, 271 Ala. 610, 126 So.2d 469.

This is an appeal by plaintiff from judgment of non-suit induced by ruling of the trial court sustaining defendant's demurrer to the complaint.

The controversy arises out of an alleged collision between two automobiles. Plaintiff is the administrator of a person alleged to have been riding in one of the automobiles and defendant is the administratrix of the alleged operator of the other automobile.

In pertinent part Count 1 recites:

"The Plaintiff claims of the Defendant Twenty-five Thousand ($25,-000.00) Dollars, as damages for that on to-wit November 11, 1955, Spencer Tatum was operating an automobile upon a public highway, to-wit: Alabama Highway #47 at or near Tunnel Springs, in the County of Monroe, State of Alabama, which said automobile then and there collided with the automobile in which Plaintiff's intestate, Mrs. Olive B. Ivey, deceased, was riding, and as a proximate consequence thereof the said Mrs. Olive B. Ivey, deceased, was so injured that she died at said place, and on said occasion, and the automobile of Mrs.

Olive B. Ivey was damaged or destroyed for which Plaintiff sues;

"And Plaintiff further alleges that the said Spencer Tatum on said occasion and afore alleged, did negligently cause the said automobile he was operating to collide with the automobile in which the said deceased Mrs. Olive B. Ivey was riding and as a proximate consequence of said negligence, the said deceased Mrs. Olive B. Ivey suffered said injuries and death and her said automobile was damaged or destroyed."

Count 1 was amended as follows:

"Comes Plaintiff by leave of Court first had and obtained and amends the Complaint by striking from Court One the words, 'and the automobile of Mrs. Olive B. Ivey was damaged or destroyed' where the same first appears in said county, and by further striking the claim for damages based upon the destruction of the automobile."

Count 2 claims for wanton misconduct of defendant's intestate, Tatum.

Defendant's objection to the complaint is expressed in Ground 7 of the demurrer as follows:

"7. There is no provision of law authorizing a personal representative of one party to bring an action against the personal representative of one party under the Homicide Statute after the death of both parties."

We hold that this objection is not well taken and that the court erred in sustaining Ground 7 of the demurrer and the other grounds which raise the same objection to the complaint. Defendant does not insist that any other objection to the complaint is well taken, and we are of opinion that no other objection is well taken.

■■■ As defendant ably points out in brief, under the common law, a cause of action for tort, as to which the tort feasor acquired no profit, did not survive against the personal representative. Wynn v. Tallapoosa County Bank, 168 Ala. 469, 497, 53 So. 228; such a cause of action can survive only by virtue of a statute; and statutes providing for survival of causes, as distinguished from actions, are strictly construed against survival because such statutes are in derogation of common law rights. Id., 168 Ala. 494, 53 So. 238. The fundamental reasons for this policy of strict construction are stated in Crowder v. Fletcher & Co., 80 Ala. 219.

We come then to determine whether any statute provides for survival of a cause of action for wrongful death in favor of the personal representative of the person killed and against the personal representative of the alleged killer.

As decided in McDowell v. Henderson Mining Company, Inc., ante p. 202, 160 So. 2d 486; § 150, Title 7, Code 1940 (amended to read as hereinafter set out), does not provide that personal causes survive in favor of personal representatives.

■■■ The cause of action here sued on is created by § 123, Title 7, Code 1940. The chose in action here never did belong to the intestate; the statute creates it only upon his wrongful death. White v. Ward, 157 Ala. 345, 47 So. 166, 18 L.R.A., N.S., 568; Kennedy v. Davis, 171 Ala. 609, 612, 55 So. 104. No question of survival could arise. Webb v. French, 228 Ala. 43, 152 So. 215. Title 7, § 123, creates a distinct cause of action which comes into being only upon death from wrongful act. Smith v. Lilley, 252 Ala. 425, 41 So.2d 175.

■■■ The statute has already provided for the person who may maintain the action, namely, the personal representative. Breed v. Atlanta, B. & C. R. Co., 241 Ala. 640, 646, on rehearing, 4 So.2d 315. The instant plaintiff is the personal representative of the person slain, so there is no question as to survival of the cause in favor of the instant plaintiff. He is

the person designated by § 123 to maintain the action.

■ Thus we come to the remaining question, which is, does the cause of action for wrongful death survive against the personal representative of the deceased tort feasor. We hold that it does survive against such personal representative.

§ 150, Title 7, as amended by Act No. 737, approved September 5, 1951, 1951 Acts, page 1290, recites:

> "All actions and causes of action on contract, express or implied, and all personal actions, except for injuries to the reputation, survive in favor of and against personal representatives; and *all personal causes of action survive against the personal representative of a deceased tort feasor.*" (Emphasis Supplied.)

The emphasized portion was added by Act No. 737, and is the part here pertinent and controlling.

Defendant suggests in brief that the assignments of error are not sufficient. The assignments are not examples of good pleading but they do present the proposition which has been argued by the parties to this appeal and we respond to the argument.

In Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77, statements are made to effect that amended § 150 applies to § 123. Statements are also made in the same opinion that § 123 was not there involved. The action in Shirley was brought under § 119 and § 123 was not there involved.

> " * * * 'It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision.' * * * " State ex rel. Wil-

kinson v. Murphy, 237 Ala. 332, 341, 186 So. 487, 496, 121 A.L.R. 283:

Under the stated rule, the statements in Shirley that § 150 applies to § 123 are dicta and are not controlling here. We will consider amended § 150 and § 123 independent of Shirley.

■ Legislative enactments in modification of the common law should be clear and such as to prevent reasonable doubt as to the legislative intent and of the limits of such change. McCoy v. State, 221 Ala. 466, 129 So. 21.

Is the language added to § 150 by the 1951 amendment clear and such as to prevent reasonable doubt as to the legislative intent and of the limits of the intended change in the common law? We think the language is clear. The language is that "all personal causes of action survive against the personal representative of the deceased tort feasor."

■ The word "all," in ordinary use, is wholly inclusive as we understand it. It must embrace every personal cause of action. If we should hold that it does not embrace or include causes of action for wrongful death, then we would have to read it as "all personal causes of action except for wrongful death survive,". etc. The legislature did not write in the exception and this court is not authorized to do so.

Defendant argues that the purpose of the homicide act is to punish the wrongdoer and thereby prevent homicide, but the wrongdoer cannot be punished after he is dead, and, therefore, a judgment levied against his estate would not punish him and was not intended. This argument is answered in Shirley where the court said:

> "We do not interpret the excerpt from the oral charge, to which exception was reserved, as authorizing damages to punish the deceased charged with wantonly killing plaintiff's child. But that she being dead, the

damages awarded are for the purpose of deterring others similarly situated from taking steps of that character. That is a proper view of the nature of the damages claimed,—the fixation of a sum which will have a tendency to prevent such homicides. * * *" Shirley v. Shirley, 261 Ala. 100, 109, 73 So.2d 77, 85.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.