**Dreama N. RIDDLE, Administratrix of the Estate of Larry D. Riddle, et al., Plaintiffs,**

v.

**SHELL OIL COMPANY, et al., Defendants.**

Civ. A. No. 88–0505–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

Sept. 21, 1990.

Shepard A. Hoffman, Ronald Simon, John McN. Broaddus, Susan M. Sacks, Washington, D.C., pro hac vice, Paul S. Minor, Biloxi, Miss., Herschel L. Hobson, Beaumont, Tex., pro hac vice, for plaintiffs.

Frank W. Hunger, Stephen L. Thomas, Andrew N. Alexander, III, Greenville, Miss., Clifford J. Zatz, William E. Potts,

Jr., Jeffrey K. Sherwood, Michael S. Marcus, Jonathan Shapiro, Mark P. Fitzsimmons, Washington, D.C., pro hac vice, S.D. Roberts Moore, Daniel P. Frankl, Gentry Locke Rakes & Moore, Roanoke, Va., for defendants.

## MEMORANDUM OPINION

KISER, District Judge.

This matter comes before me on the defendants' motion for summary judgment. The case has been thoroughly briefed and oral argument was presented on July 30, 1990. The case is now ripe for disposition.

### FACTS

On a motion for summary judgment, all inferences of fact must be viewed in the light most favorable to the non-moving party. *See Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Helm v. Western Maryland Ry.,* 838 F.2d 729 (4th Cir.1988). With that in mind, the pertinent facts are as follows: Decedent Larry D. Riddle was an employee of Mohawk Rubber Company in Salem, Virginia. Plaintiff alleges that during the course of decedent's employment with Mohawk Rubber, he worked in areas where he was exposed to chemicals containing benzene and other agents manufactured by the defendants. On April 25, 1983, Mr. Riddle was diagnosed as having chronic myelogenous leukemia. Over five years later, on May 4, 1988, Mr. Riddle initiated a personal injury cause of action in the United States District Court for the Southern District of Mississippi alleging, among other things, that the defendants [1] designed, manufactured, produced and sold chemicals which the defendants knew or should have known were inherently dangerous to human beings and that defendants breached express and implied warranties.

On October 26, 1988, the district court in the Southern District of Mississippi transferred the case to this court pursuant to 28 U.S.C. § 1404(a) on defendants Ashland Oil Inc.'s and Shell Oil Company's motion to transfer. Leave of court to amend the complaint in order to name Unocal as a defendant was granted to Mr. Riddle on February 10, 1989. Unocal was served process in Virginia pursuant to Virginia's long arm statute, Va.Code § 8.01–328.1 on March 7, 1989.

In late September 1989, Mr. Riddle died. Two weeks later in October 1989, the plaintiff—Mrs. Riddle—was named the personal representative of Mr. Riddle's estate. On October 16, 1989, Mrs. Riddle moved to amend the complaint to convert the case to one for wrongful death pursuant to Virginia law. *See* Va.Code §§ 8.01–50 and 8.01–56.

Based on these facts the defendants argue that Mr. Riddle's *Virginia* personal injury right of action lapsed, while he was alive, because he failed to file a cause of action within the two year Virginia statute of limitations (which defendants argue expired on April 25, 1985). By failing to file a personal injury cause of action within the Virginia limitations period as required by Va.Code § 8.01–243, defendants argue the decedent precluded his personal representative from converting decedent's Mississippi personal injury cause of action into a Virginia wrongful death cause of action under Va.Code § 8.01–56.[2]

Defendant Unocal, in addition to the above argument, offers an independent argument in support of the motion for summary judgment. Unocal argues that because process was served upon it in Virginia pursuant to Virginia's long arm statutes, Virginia's two year statute of limitations for personal injury claims applies, as opposed to Mississippi's six year statute. In essence, Unocal argues that because it was not served process in Mississippi, Mississippi does not have personal jurisdiction

---

1. The original Mississippi complaint did not name Unocal as a defendant.

2. The defendants do not contend that a foreign personal injury cause of action cannot be converted into a Virginia wrongful death cause of action. However, they argue that to do so the foreign personal injury case must be filed within two years from the date the cause of action accrued, i.e. within Virginia's statute of limitation period.

over it and consequently Mississippi's statute of limitations should not apply to it.[3]

## Discussion

### I. Choice of Law

■ As this case concerns allegations of injury in Virginia, but was filed in Mississippi federal court and later transferred to this court, I must first determine what law to apply. In *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), the Supreme Court held that on a transfer under 28 U.S.C. § 1404(a) initiated by a defendant, the transferee court must follow the choice of law rules that prevailed in the transferor court. The transferor court, the federal district court for the southern district of Mississippi, in the exercise of diversity jurisdiction would have applied the choice of law rules prevailing under Mississippi state law. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Therefore, I must apply Mississippi choice of law rules.

■ The Mississippi Supreme Court has adopted the "center of gravity" or "most substantial contacts" test articulated in the Restatement (Second) of Conflict of Laws. *Siroonian v. Textron*, 844 F.2d 289 (5th Cir.1988); *Price v. Litton Systems, Inc.*, 784 F.2d 600 (5th Cir.1986). Section 175 of the Restatement deals with wrongful death actions:

> In an action for wrongful death, the local law of the state where the injury occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

*Restatement (Second) of Conflict of Laws*, at 522 (ALI 1971). In the instant case, the injury occurred in Virginia, decedent was domiciled in Virginia, plaintiffs are domiciled in Virginia, and defendants are all licensed to do business in Virginia. The only contacts with other states stem from the defendants' being incorporated in and maintaining their principal places of business in other states. Therefore, I find that a Mississippi court would apply the substantive law of Virginia to this case.

■ I must next determine which statute of limitations to apply. Mississippi, according to its choice of law rules, applies its own law in procedural matters, which generally include statutes of limitation. However, Mississippi recognizes an exception where the limitations period is an integral part of the statute creating the cause of action. *Siroonian* at 292. The Fourth Circuit has held that the limitations period in the Virginia wrongful death statute, Va. Code Ann. § 8.01–244 (1984), is a substantive limitation. *Continental Cas. Co. v. The Benny Skou*, 200 F.2d 246 (4th Cir. 1952), *cert. denied*, 345 U.S. 992, 73 S.Ct. 1129, 97 L.Ed. 1400 (1953). It is clear that the Virginia two year statute of limitations applies to this wrongful death action.

■ My inquiry does not stop here, however, because this action was originally brought as a personal injury action and later converted to a wrongful death action pursuant to Va.Code § 8.01–56 upon the death of Larry Riddle. It is therefore necessary to determine if the original personal injury action was timely filed. The personal injury claim would have been governed by Virginia substantive law for the reasons discussed above. However, the Virginia two year personal injury statute of limitations (Va.Code 8.01–243), unlike the two year wrongful death statute of limitations, is procedural rather than substantive. *See* 12A Michie's Jurisprudence, Limitation of Actions, § 2 (1989 Repl.Vol.). Therefore, the Mississippi six year statute of limitations (Miss.Code Ann. § 15-1-49) applies to the original personal injury claim. The decedent was diagnosed as having chronic myelogenous leukemia on April 25, 1983. He instituted a Mississippi personal injury

---

**3.** For purposes of this motion it is undisputed that Mr. Riddle's Mississippi personal injury cause of action was timely filed. Furthermore, defendants, Ashland Oil, Inc. and Shell Oil, Co. concede that "so long as Mr. Riddle lived, his Mississippi action could proceed." (Defendants Joint Motion for Summary Judgment p. 18 n. 16.)

action on May 4, 1988, and so was within the six year Mississippi statute of limitations.

## II. Conversion of the Personal Injury Action to a Wrongful Death Action

Mr. Riddle died on September 28, 1989. On October 16, the plaintiff, the personal representative of decedent's estate, amended the complaint under Va.Code § 8.01–56 to convert the action to one for wrongful death. Section 8.01–56 reads in pertinent part:

> when a person who has brought an action for personal injury dies pending the action, such action may be revived in the name of his personal representative. If death resulted from the injury for which the action was originally brought, a motion for judgment and other pleadings shall be amended so as to conform to an action under § 8.01–50 [Virginia's wrongful death statute], and the case proceeded with as if the action had been brought under such section.

It is plaintiff's attempt to convert the action to one for wrongful death that forms the basis of defendant's motion for summary judgment. Defendants correctly point out that 8.01–56 requires that the pleadings be amended to conform to Virginia's wrongful death statute, 8.01–50, which in turn requires that the action be brought within the limitations period of 8.01–244. Defendants interpret these statutes to mean that only those who file a personal injury action or die within two years of accrual of a cause of action for personal injury may file a wrongful death action in Virginia.

In reaching this conclusion, defendants place heavy reliance on *Street v. Consumers Mining Corp.*, 185 Va. 561, 39 S.E.2d 271 (1946). Defendants correctly cite *Street* for the proposition that "if a person survives the limitation period for personal injury actions without filing a lawsuit, the right of action under the wrongful death act expires and cannot be revived by the injured party's subsequent death." However, reliance on *Street* in the present action is misplaced. In *Street*, the decedent failed to institute a personal injury cause of action before the then one year statute of limitations ran out. Indeed, the crux of the personal representative's argument was that the wrongful death action at issue was separate from the personal injury action; that the statute of limitations on the wrongful death action did not begin to run until the death of Noah Street. To that argument the Virginia Supreme Court replied:

> We have definitely held [citations omitted] that our statutes create no new cause of action; but simply continue, transmit, or substitute the right to sue which the decedent had until his death, the effect of which is to permit the personal representative to pick up the abated right of the deceased and prosecute it. . . .

*Street*, 39 S.E.2d at 274.

In the case at bar, unlike in *Street*, the decedent did institute a personal injury action within the Mississippi six year statute of limitations. The question, then, is whether a foreign personal injury action may be converted to a Virginia wrongful death action under Va.Code 8.01–56. The defendants argue that 8.01–56 acts as a "savings" statute and is therefore inapplicable, citing *Stare v. Pearcy*, 617 F.2d 43 (4th Cir.1980) and *Jones v. Mid America Expositions, Inc.*, 708 F.Supp. 173 (S.D. Ohio 1989). Both cases cited by defendants involved actions that were timely filed in a court without jurisdiction, dismissed, and then filed in a court with jurisdiction after the statute of limitations had run, but within the period allowed by the savings statute. By contrast, the present action was timely filed in a court with jurisdiction, and later transferred by defendants to this court. Therefore, *Jones* and *Mid America* are inapplicable. In determining whether a valid foreign personal injury action can be converted to a Virginia wrongful death action, the language of the Virginia Supreme Court in *Street* is helpful: "our statutes create no new cause of action; but simply continue the right which the decedent had until his death. . . ." *Street*, 39 S.E.2d at 274. *Street* indicates that the Virginia Supreme Court requires only a valid pending

personal injury suit. Likewise, Va.Code 8.01–56 allows the personal representative of a decedent with a valid personal injury action to convert the action to one for wrongful death. Neither the Virginia Supreme Court nor the Virginia Code requires that the pending personal injury action be a Virginia action. Therefore, there is no merit to defendants' argument that a valid foreign personal injury action may not be converted to a Virginia wrongful death action unless filed within Virginia's two year limitations period.[4]

The defendants are correct in pointing out that the limitations period in the wrongful death statute is substantive, therefore, the action must be brought "within two years after the death of the injured person." Va.Code Ann. § 8.01–244 (1984 Repl.Vol.). Here the plaintiff meets that two year requirement. Therefore I find that plaintiff's wrongful death action is not barred by the Virginia statute of limitations.

### III. Unocal's Claim

■ Defendant Unocal was not named in the original Mississippi complaint, nor was Unocal served in Mississippi. After the case was transferred to this court, Unocal was added to the complaint and served in Virginia. Therefore, defendants argue that Virginia is the forum for plaintiff's suit against Unocal, so the procedural law of Virginia, including its statutes of limitations, governs this suit. Defendants further contend that decedent's personal injury claim against Unocal was barred by Virginia's two year personal injury statute of limitations, 8.01–243, so plaintiff's wrongful death claim against Unocal is likewise barred.

In support of this claim, defendants rely on cases such as *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099 (5th Cir.1981) and *Martin v. Stokes*, 623 F.2d 469 (6th Cir.1980). In each of the cases cited by defendant, the action had been transferred from one federal district to another and the

plaintiff either could not or might not have been able to secure personal jurisdiction over the defendant in the transferor forum, therefore, the laws of the transferee forum were applied. Defendants' Joint Motion for Summary Judgment, n. 21 p. 29.

In the instant case, defendants do not dispute plaintiff's assertion that plaintiff could have obtained personal jurisdiction over defendant Unocal in Mississippi. Defendants' Reply Brief at 27–29. Rather, defendants argue that what could have been does not matter; since Unocal was added to the complaint in Virginia rather than Mississippi, the law of Virginia governs. If this court were to apply Unocal's reasoning, a plaintiff would have to go back to the court where the case was originally filed whenever the plaintiff wanted to amend his complaint. Such an argument not only contravenes the policy of judicial economy, but also ignores the fact that this court is sitting as a Mississippi court. Although served in Virginia, defendant Unocal was made party to an action governed by the law of Mississippi. Therefore, I find that decedent's personal injury action against Unocal was subject to the six year Mississippi statute of limitations, and so plaintiff's wrongful death action against Unocal is not time barred.

Defendants' joint motion for summary judgment is denied. The Clerk is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

---

**4.** Defendants concede that a foreign personal injury action filed within two years of the accrual of the cause of action could be converted to a Virginia wrongful death action pursuant to 8.01–56.